UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLIFFORD ARTHUR BAILEY,

        Petitioner,

                              CASE NO. 2:07-CV-11742
v.                              HONORABLE VICTORIA A. ROBERTS

BLAINE LAFLER,

        Respondent.
                                      /

## OPINION AND ORDER SUMMARILY DISMISSING PETITION
## FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE

**I.    Introduction**

       This is a habeas case brought pursuant to 28 U.S.C. § 2254. Petitioner Clifford Arthur Bailey, a state prisoner confined at the Mid-Michigan Correctional Facility in St. Louis, Michigan, is challenging his plea-based convictions for first-degree and second-degree criminal sexual conduct which were imposed in the Oakland County Circuit Court in May, 2000. Petitioner was sentenced to concurrent terms of 9-25 years imprisonment and 7-15 years imprisonment on those convictions. Petitioner raises claims alleging the ineffective assistance of defense counsel, prosecutorial misconduct, and improper scoring of the sentencing guidelines.

**II.    Analysis**

       A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *O"Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by

1

invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner has not met his burden of showing exhaustion of state court remedies. In his application, Petitioner admits that he has not presented any of his habeas claims to the state courts because he was unaware of the violations until he did research to find them. Petitioner must present each of his claims to the Michigan courts and complete the state court process before seeking habeas relief in this Court. Federal habeas law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule upon Petitioner's habeas claims before he can present those claims to this Court. Otherwise, the Court cannot apply the standard found at 28 U.S.C. § 2254.

### III.   Conclusion

The Court concludes that Petitioner has not fully exhausted his state court remedies. Accordingly, the habeas petition is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: April 25, 2007

The undersigned certifies that a copy of this document was served on the attorneys of record and pro se petitioner by electronic means or U.S. Mail on April 25, 2007.

S/Carol A. Pinegar
Deputy Clerk